

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, NY 10278-0001

CHAMBERS OF
DELISSA A. RIDGWAY
JUDGE

October 20, 2009

Robert C. Bigler, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit – 8th Floor
Washington, D.C.  20530

        Re:    Former Employees of Electric Mobility Corp. v. U.S. Secretary of Labor
               Court No. 08-00079

Dear Mr. Bigler:

       Thank you very much for your submission of October 14, 2009.  As you may know, the Government's draft order was entered on October 15, 2009, exactly as it was proposed by the Government.

       We note, however, that the Government's October 14 letter stated that the proposed deadlines reflected in the draft order were intended, among other things, to "allow adequate time for the Government to conduct an internal review of the range of its options regarding the October 2 order, including the probable need for a decision by the Solicitor General whether we should seek appellate review of that order." See Letter from Defendant to the Court (Oct. 14, 2009) at 5.  The letter further indicated that the Government's proposed order was submitted "under respectful protest." Id.

       To be sure, it was clear from the September 30, 2009 conference in this matter that the Government does not necessarily share the views that the Court tentatively expressed as to the type of information that may properly be subject to protection as "confidential."  However, the October 2, 2009 Order does not stake out a substantive position as to what is or is not properly treated as "confidential."  The October 2 Order simply directs the Government to review and resubmit the administrative record to "reflect redaction of only that information as to which there is a sound basis for redaction" – leaving it to the Government in the first instance to do the legal research to determine and to brief the precise nature of the information "as to which there is a sound basis for redaction." See Order (Oct. 2, 2009).

Robert C. Bigler, Esq.
October 20, 2009
Page 2

      If the Government has concerns about actions of the Court, those concerns must be first raised in this forum, to allow the Court an opportunity to address any such concerns and to preserve any objections for appeal. In the course of the September 30 conference, however, the Government voiced no objection to reviewing and resubmitting the administrative record to redact only that information as to which there is a legitimate justification for confidentiality. Nor did the Government voice any objection to submitting a report to explain the general process followed in preparing the record for resubmission. Indeed, counsel for the Government reiterated several times in the course of the September 30 conference that the Government wishes to work toward a resolution of this issue beyond the case at bar.

      We understand that it may take some time to review the law with your client. After that review, however, to the extent that the Government still has objections to the October 2, 2009 Order, the Government must notify the Court of those objections, with supporting legal authority, no later than November 3, 2009. Objections should be set forth in detail, so as to avoid the need for another conference on this matter. On the other hand, if the Government no longer has objections, there is no need to affirmatively advise the Court of that fact.

      If you have any questions, please contact my law clerk, Chris Wiedemer, at 212.264.5480. As always, many thanks for your assistance in this matter.

                                Sincerely,

cc: Lawrence R. Walders, Esq.

                          /S/       Delissa A. Ridgway
                                   Judge